## STATE OF CONNECTICUT *v.* DONALD PHILIP BROWN
## (AC 25001)

Dranginis, Harper and McDonald, Js.

Argued May 5—officially released October 11, 2005

*Sebastian O. DeSantis*, special public defender, for the appellant (defendant).

*Paul J. Narducci*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (state).

DRANGINIS, J. The defendant, Donald Philip Brown, appeals from the judgment of conviction, rendered after a jury trial, of failure to appear in the first degree in violation of General Statutes § 53a-172 (a) (1).[1] On appeal, the defendant claims that the trial court improperly admitted certain testimony into evidence. We affirm the judgment of the trial court.

The following procedural history is relevant to our review. On December 3, 2002, the defendant was scheduled to be sentenced on an underlying felony for which he had entered a conditional plea of nolo contendere. The defendant appeared for sentencing and made an oral motion to withdraw his plea. The court denied the motion, and the case was passed so that the defendant and his counsel could discuss a presentence investigation report. Shortly thereafter, the court took a recess at 12:06 p.m. and reconvened at 12:25 p.m. The defendant failed to return to court following the recess. The court ordered the defendant rearrested. The defendant turned himself in to authorities on January 14, 2003.

The defendant thereafter was charged with failure to appear in the first degree in violation of § 53a-172 (a) (1) and was tried in August, 2003. During the trial, the prosecutor offered the testimony of certain individuals. Relevant to this appeal is the testimony offered by Michael L. Regan, supervisory assistant state's attorney, who prosecuted the defendant's underlying felony, but who personally did not prosecute the charge of failure to appear in the first degree. Regan testified about the events leading to the defendant's leaving the courtroom

---

[1] General Statutes § 53a-172 (a) provides in relevant part: "A person is guilty of failure to appear in the first degree when (1) while charged with the commission of a felony and while out on bail or released under other procedure of law, he *wilfully fails to appear* when legally called according to the terms of his bail bond or promise to appear . . . ." (Emphasis added.)

on December 3, 2002. The defendant subsequently was convicted and sentenced to four years in prison, consecutive to the sentence he then was serving.

On appeal, the defendant claims that the court abused its discretion by admitting Regan's testimony into evidence. We do not agree.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *State* v. *Kelly*, 256 Conn. 23, 53, 770 A.2d 908 (2001).

As reiterated by our Supreme Court, "[w]hen either side in a criminal case seeks to call as a witness either a prosecutor or a defense attorney who is or has been professionally involved in the case, that party must demonstrate that the testimony is necessary and not merely relevant, and that all other available sources of comparably probative evidence have been exhausted. . . . This compelling need test strikes the appropriate balance between, on the one hand, the need for information and, on the other hand, the potential adverse effects on the attorney-client relationship and the judicial process in general." (Citation omitted; internal quotation marks omitted.) *State* v. *Peeler*, 265 Conn. 460, 474, 828 A.2d 1216 (2003), cert. denied, 541 U.S. 1029, 124 S. Ct. 2094, 158 L. Ed. 2d 710 (2004).

The testimony at issue was admitted into evidence to detail the events that took place on December 3, 2002, prior to the defendant's leaving the courtroom and to provide a procedural history of the case. Those

particular details were necessary to prove all of the essential elements of the crime of failure to appear in the first degree. See footnote 1. Thus, the testimony was necessary and not merely relevant. We also are satisfied that although certain portions of Regan's testimony were somewhat cumulative, the evidence introduced through his testimony could not be procured through other comparable evidence. Furthermore, it is unlikely that the testimony had an unduly prejudicial effect on the jury, given the court's curative instructions to the jury before deliberations began.[2] "The jury [is] presumed to follow the court's directions in the absence of a clear indication to the contrary." (Internal quotation marks omitted.) *State* v. *Fields*, 265 Conn. 184, 207, 827 A.2d 690 (2003). We conclude, therefore, that it was not an abuse of discretion for the court to admit the testimony into evidence.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The court instructed the jury in part: "[Y]ou have heard testimony from two of the assistant state's attorneys. The testimony of all of those individuals should be entitled to no special or exclusive sanctity merely because it comes from an individual who has a title. Anyone bearing such a title who takes the witness stand subjects his testimony to the same test as that of any other witness. You should not automatically believe or disbelieve that testimony merely because it comes from an individual who bears a title.

"You should recall his or her testimony and demeanor here on the [witness] stand, consider their training in the field in which they gave evidence, their manner of testimony, the substance of their testimony, and their capacity for observing the facts and relating them to you accurately. You should weigh and balance their testimony just as carefully as you weigh the testimony of any other witness."